### JAYNE S. *v.* KYLE S.*
### (AC 30459)

Gruendel, Lavine and Lavery, Js.

Submitted on briefs May 21—officially released September 1, 2009

*Theodore J. Wurz* filed a brief for the appellant (defendant).

*Opinion*

PER CURIAM. The defendant, Kyle S., appeals from the judgment of the trial court granting the application for a restraining order filed by the pro se plaintiff, Jayne S., pursuant to General Statutes § 46b-15. He claims that the court abused its discretion in so doing because no factual basis existed to support the requisite finding that he presented a continuous threat of present physical pain or physical injury to the plaintiff and her boyfriend, Joseph K. We affirm in part and reverse in part the judgment of the trial court.

The record reveals the following facts. On September 8, 2008, the plaintiff filed an application for relief from abuse against the defendant, to whom she was married

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

at that time. That application sought, inter alia, to protect both the plaintiff and Joseph K. from the defendant by imposing certain restraints, including an order that he not threaten, harass, stalk, assault, molest, sexually assault or attack them. The plaintiff attached an affidavit to her application, in which she averred as follows: "A full protective order was issued in January of 2008 against [the defendant] to protect [the plaintiff and her minor children as a] result of [the defendant] kicking me and breaking my rib and being arrested on January 7, 2008. It was reduced to a modified protective order to allow [the defendant] contact [with] me regarding our child [T]. Since the modification, [the defendant] has left me a threatening voicemail stating [that] he was going to find me and kill me, has physically come after me punching his hand saying he was going to kill me, [has] driven by me screaming obscenities [and has been] telling acquaintances [that] he was going to kill me and [Joseph K]. He called my human resource[s] [personnel] looking to know [where] I was working . . . ."

That same day, the court, *Levine, J.*, issued an ex parte domestic violence restraining order, granting the relief requested, and scheduled a hearing for September 19, 2008. See General Statutes § 46b-15 (b). At the conclusion of the September 19, 2008 hearing, the court, *Prestley, J.*, continued the matter and extended the initial domestic violence restraining order for two weeks.

The parties returned to court on October 3, 2008. At that hearing before the court, *Hon. Bernard D. Gaffney*, judge trial referee, the plaintiff testified that she believed that she was in danger and repeated the allegations contained in her affidavit, including that she had to transfer her place of employment "to get away from [the defendant]." The court thereafter extended the

existing restraining order for a period of six months. From that judgment, the defendant appeals.

We begin by noting that although the restraining order has since expired, the present appeal is not moot. In *Putman* v. *Kennedy*, 279 Conn. 162, 164–65, 900 A.2d 1256 (2006), our Supreme Court held that "the expiration of a domestic violence restraining order does not render an appeal from that order moot because it is reasonably possible that there will be significant collateral consequences for the person subject to the order." Accordingly, we proceed to the merits of the defendant's appeal.

The defendant first claims that the court abused its discretion in granting the restraining order with respect to the plaintiff. Specifically, he alleges that the plaintiff failed to present sufficient evidence to support a finding that he presented a "continuous threat of present physical pain or physical injury" to the plaintiff, as required by § 46b-15 (a). See *Putman* v. *Kennedy*, supra, 279 Conn. 171. That claim lacks merit. The court was presented with evidence that the defendant assaulted the plaintiff some nine months earlier, which resulted in a broken rib for the plaintiff and the issuance of a protective order against the defendant. The court heard testimony from the plaintiff regarding the defendant's subsequent threats to her life and the physical gestures and profanities he directed toward her. The court, as the sole arbiter of credibility; see *Somers* v. *Chan*, 110 Conn. App. 511, 530, 955 A.2d 667 (2008); was free to credit the plaintiff's testimony. In addition, the court was presented with evidence that the defendant had attempted to ascertain the whereabouts of the plaintiff by contacting her employer, which precipitated her transfer to a new employment location. In light of that evidence and in addition thereto, the plaintiff testified that she feared that she was "in danger." On that evidence, we conclude that the court reasonably could

find that the defendant presented a continuous threat of present physical pain or physical injury to the plaintiff and thus did not abuse its discretion in extending the restraining order for a period of six months.

We cannot say the same with regard to the restraining order as it pertains to Joseph K. At neither the September 19 nor the October 3, 2008 hearing did the plaintiff present any evidence regarding a threat of physical pain or physical injury to Joseph K. Without that evidentiary foundation, the court could not find that the defendant presented a continuous threat to Joseph K. We therefore conclude that the court abused its discretion in extending the restraining order insofar as it pertained to Joseph K.

The judgment is reversed in part and the case is remanded with direction to vacate the restraining order with respect to Joseph K. The judgment is affirmed in all other respects.